# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA



IN RE: Tarani A. Johnson

Case No 12-20451-mdc

Chapter 7

**MOTION TO REOPEN CASE FOR PURPOSES OF AVOIDING LIEN**

---

**MOTION TO REOPEN BANKRUPTCY CASE pursuant to 11 U.S.C. § 350(b)**

**and FED. R. BANKR. P. 5010 for the limited purpose of**

**AVOIDING A JUDICIAL LIEN UNDER 11 U.S.C. § 522(f)**

**Debtor, Tarani A. Johnson**, respectfully moves this Honorable Court for an order reopening the above-captioned Chapter 7 bankruptcy case, pursuant to 11 U.S.C. § 350(b) and Federal Rule of Bankruptcy Procedure 5010, for the limited purpose of limited purpose of avoiding a lien on her property that was discharged but not properly avoided during the original proceeding. In support thereof, Debtor state as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. § 350(b).
2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (K), and (O).
3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. FACTUAL BACKGROUND

4. On or about **November 2012**, Debtor filed a voluntary petition for relief under Chapter 13 in this Court, Case No. 12-20451, which was later converted to Chapter 7 on **September 25, 2013**.
5. In her schedules, Debtor listed a second mortgage on her property at 5200 West Montgomery Avenue, #H/8, Philadelphia, PA 19131, held by Wells Fargo Bank, N.A., as unsecured due to insufficient equity in the property to secure it, and the fact that the mortgage lien was unperfected in its recordation, with a value of $0.00 secured portion and $127,500.00 unsecured portion.
6. *Wells Fargo Bank, N.A.*, did not file a proof of claim nor object to the unsecured status of the mortgage, although they were duly noticed and council had entered their appearance.
7. On **March 13, 2014,** this Court entered a discharge order, discharging Debtor's personal liability for all scheduled debts, including the unsecured Wells Fargo mortgage debt.

8. In 2022, *Wells Fargo* issued a Form 1099-C to Debtor, reporting cancellation of the mortgage debt in the amount of $127,500.00.

9. In 2023, Tarani Alike Johnson, as trustee of the *686180886 Trust*, issued a Schedule K-1 (Form 1041) payment to *NewRez LLC, d/b/a Shellpoint Mortgage Servicing Corp*, reporting a distribution of $383,247.00, further evidencing the debt's satisfaction.

10. The mortgage lien was not avoided during the original bankruptcy case, but since it was wholly unsecured and no proof of claim was filed, it is avoidable under 11 U.S.C. § 506(d), as the lien is not an allowed secured claim.

11. The lien continues to cloud title to Debtor's property and has led to wrongful foreclosure proceedings in the Court of Common Pleas of Philadelphia County (Case No. 171001006), despite the debt's discharge and satisfaction.

12. Since the closing of the bankruptcy case, a judicial lien arising from *U.S. Bank Trust National Association, as Trustee* has been asserted or recorded against the Property, impairing the exemptions allowed to the Debtor.

13. The lien is based on a debt that was:

    a. discharged in the 2014 bankruptcy discharge;

    b. further cancelled by a **2022 IRS Form 1099-C** issued by *Wells Fargo Bank, N.A.*; and

    c. satisfied via a **Schedule K-1 (Form 1041)** trust distribution to Plaintiff's servicing agent in 2025, under threat, duress, and coercion.

14. The continued existence of the lien is causing ongoing cloud on title, impeding Debtor's full use and enjoyment of her exempt property.

## III. LEGAL BASIS

12. *11 U.S.C. § 350(b)* provides that a case may be reopened to administer assets, accord relief to the debtor, or for other cause. " Reopening is appropriate to avoid a lien that was not addressed during the case, as it provides relief to the debtor by clearing title. ***In re Dennis*, 286 B.R. 793, 796 (Bankr. W.D. Pa. 2002)** (lien avoidance available post-discharge where no proof of claim filed).

13. The *Wells Fargo* mortgage lien is wholly unsecured and avoidable under 11 U.S.C. § 506(d), as it is not an allowed secured claim due to the lack of equity and no proof of claim filed. See ***In Re Lavelle*, 556 B.R. 207, 211 (Bankr. E.D. Pa. 2016)** (allowing avoidance of wholly unsecured liens in Chapter 7 where no proof of claim).

14. *Fed. R. Bankr. P. 5010* authorizes the reopening of a case on motion of the debtor to accord relief, including the avoidance of liens.

15. **11 U.S.C. § 522(f)** allows a debtor to avoid the fixing of a judicial lien on an interest of the debtor in property to the extent such lien impairs an exemption to which the debtor would have been entitled.

16. Cause exists to reopen this case because Debtor seeks to exercise her statutory right to avoid the lien impairing her exemptions, which relief could not be fully effectuated without reopening.

17. Reopening will cause no prejudice to the creditor, as the debt was discharged, and the lien's avoidance is consistent with bankruptcy policy. The cost to reopen is minimal, and the relief accorded to Debtor is substantial.

18. Reopening for the limited purpose of filing a lien avoidance motion will not unduly prejudice any party and is in the interest of justice.

## IV. RELIEF REQUESTED

WHEREFORE, Debtor Tarani A. Johnson respectfully requests that this Court enter an order:

a. Reopening the above-captioned bankruptcy case pursuant to 11 U.S.C. § 350(b) for the limited purpose of filing and prosecuting a motion to avoid the judicial lien of *U.S. Bank Trust National Association, as Trustee* under 11 U.S.C. § 522(f);

b. Waiving any filing fee for reopening or, alternatively, authorizing such fee to be paid in installments; and

c. Granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: August 8, 2025            /s/: johnson, tarani-alike-Trustee, *321226* JOHNSON Trust
                                 tarani-alike johnson, Master Agent for TARANI A. JOHNSON
                                 c/o 45 East City Avenue, Suite 503, Bala Cynwyd, Pennsylvania

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: Tarani A. Johnson                    Case No **12-20451-mdc**
                                            Chapter 7

---

## CERTIFICATE OF SERVICE

I certify that on August 8, 2025, a true and correct copy of this Motion to Reopen Case to Avoid Lien was served via first class mail, and/or the Court's electronic filing system upon:

*U.S. Bank Trust National Association as Trustee for VRMTG ASSET TRUST*
c/o Hladik, Onorato & Federman, LLP 298 Wissahickon Avenue North Wales, PA 19454

*NewRez LLC, d/b/a Shellpoint Mortgage Servicing Corp*     1100
Virginia Drive, Suite 125 Fort Washington, PA 19034

## EXHIBITS

- Exhibit A:   Schedule from Bankruptcy Case No. 12-20451 listing Wells Fargo mortgage as unsecured
- Exhibit B:   Bankruptcy Discharge Order (March 13, 2014)
- Exhibit C:   Form 1099-C (2022)
- Exhibit D:   Notice of Satisfaction and Discharge of Alleged Debt including 2024 Schedule K-1 (Form 1041) issued to *NewRez LLC, d/b/a Shellpoint Mortgage Servicing Corp*

Respectfully submitted,

Dated: August 8, 2025

/s/: johnson, tarani-alike-Trustee, *321226 JOHNSON* Trust
tarani-alike johnson, Master Agent for TARANI A. JOHNSON
c/o 45 East City Avenue, Suite 503, Bala Cynwyd, Pennsylvania